IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TODD MANDEL, an individual,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>HOLLY HAFERMANN, VANESSA OSTOVICH, ELLIOT TAYLOR, PAUL ROTHERNBERG, and ROTHENBERG PC.,<br><br>　　　　Defendants. | MEMORANDUM DECISION & ORDER<br><br>Case No. 2:19-cv-00563<br><br>Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Dustin B. Pead |

This case is before Magistrate Judge Dustin B. Pead pursuant to a 28 U.S.C. § 636(b)(1)(A) referral from District Court Judge Howard C. Nielson. (ECF No. 4.) Currently pending before this court is Holly Hafermann ("Ms. Hafermann"), Vanessa Ostovich ("Ms. Ostovich") and Elliot Taylor's ("Mr. Taylor) (collectively "Defendants") Motion to Transfer Venue ("Motion").[1] (ECF No. 32.)  Having reviewed the parties' briefs and the relevant law, the court now renders the following Memorandum Decision and Order.

## BACKGROUND

Plaintiff Todd Mandel's ("Mr. Mandel" or "Plaintiff") action was removed to federal court on August 9, 2019. *See* 28 U.S.C. §§ 1441 and 1446. (ECF No. 2.) In his Amended Complaint, Mr. Mandel states causes of action against his ex-wife and business partner, Ms. Hafermann, Ms. Hafermann's husband, Mr. Taylor, Ms. Hafermann's personal assistant, Ms.

---

[1] Also pending, although not before this court, is Defendants' Motion to Dismiss for Failure to State a Claim (ECF No. 11) and Defendant Paul Rothenberg and Rothenberg P.C.'s (the "Rothenberg Defendants") Motion to Dismiss for lack of personal jurisdiction. (ECF No. 10.)

Ostovich, and Attorney Paul Rothenberg and Rothenberg P.C., who previously acted as legal counsel to Mr. Mandel, Ms. Hafermann and entities associated with their business.[2] (ECF No. 2-1 at ¶¶ 32-34.)

In their Motion, Defendants argue that venue should be transferred from Utah to the Northern District of California "[f]or the convenience of the parties and witnesses, in the interests of justice". 28 U.S.C. § 1404(a). Plaintiff is a resident of "either Park City, Utah or Nashville, Tennessee" and Defendants are residents of the State of California with Ms. Hafermann and Mr. Taylor domiciled in the Northern District. *Declaration of Holly Hafermann* (ECF No. 13); *Declaration of Elliott Taylor* (ECF No. 14); (ECF No. 37.)

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1404(a), a court "may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The court may only order transfer upon a showing that it is "convenien[t to] the parties and the witnesses" and in "the interest of justice". *See id.; Atl. Marine Const. Co. v. U.S. Dist. Court,* 134 S. Ct. 568, 580, 571 U.S. 49, 134 S. Ct. 568 (2013) (§ 1404(a) codified "the doctrine of *forum non conveins* for the subset of cases in which the transferee forum is within the federal court system; in such cases, Congress has replaced the traditional remedy of outright dismissal with transfer."); *see also Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.,* 549 U.S. 422, 430, 127 S. Ct. 1184, 167 L. Ed. 2d 14 (2007).

---

[2] Sounding in both contract and tort, Plaintiff states causes of action against the Defendants for: defamation, false light, wrongful use of civil proceedings, abuse of process, breach of contract, promissory estoppel, wrongful discharge, alienation of affections, conversion, theft, breach of fiduciary duty, intentional interference with economic relations, intentional infliction of emotional distress, negligent infliction of emotional distress and conspiracy. (ECF No. 2-1.)

To satisfy section 1404(a), the moving party must clearly establish two prerequisites. *See RES-NV, LLC v. Rosenberg,* 2013 U.S. Dist. LEXIS 97597 *4 (D. Utah July 11, 2013). First, the moving party must show that "the transferee court is a proper forum in which the action could have been brought originally." *Chrysler Credit Corp. v. County Chrysler, Inc.,* 928 F.2d 1509, 1515 (10th Cir. 1991) ("[Section] 1404(a) does not allow a court to transfer a suit to a district which lacks personal jurisdiction over the defendants, even if they consent to suit."). Second, the moving party bears the burden of establishing that "the transfer will enhance the convenience of the parties and witnesses, and is in the interest of justice." *Cmty. Television of Utah, LLC v. Aero, Inc.,* 997 F. Supp. 2d 1191, 1205 (D. Utah 2014) (*citing Van Dusen v. Barrack*, 376 U.S. 612, 616, 634 (1964)).

Section 1404(a) "is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Chrysler Credit Corp.,* 928 F.2d at 1516 (*quoting Stewart Org. v. Richo Corp.,* 487 U.S. 22, 29, 101 L. Ed. 2d 22, 108 S. Ct. 2239 (1988)). When evaluating the inconvenience of a forum, the court's analysis is informed by, but not limited to, consideration of the following discretionary factors:

> the plaintiff's choice of forum, the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and [ ] all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Id.* at 1516 (*citing Texas Gulf Sulphur v. Ritter,* 371 F.2d 145, 147 (10th Cir. 1967)).

**DISCUSSION**

As to the first element, Plaintiff does not appear to dispute that this action might have been brought in the Northern District of California. Plaintiff is domiciled "in either Park City, Utah or Nashville, Tennessee" and Defendants are domiciled in the State of California, with Ms. Hafermann and Mr. Elliott living in the Northern District. *See* 28 U.S.C. § 1391(b)(1) ("A civil action may be brought in---(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located . . . ."); *see also Declaration of Holly Hafermann* (ECF No. 13)*; Declaration of Elliott Taylor* (ECF No. 14); *Declaration of Vanessa Ostovich* (ECF No. 15).

Regarding the second element, Defendants, as the parties moving for transfer, bear the burden of establishing that the existing forum is inconvenient. *Emplrs Mut. Cas. Co. v. Bartile Roofs, Inc.,* 618 F.3d 1153, 1167 (10th Cir. 2010) (*quoting Scheidt v. Klein,* 956 F.2d 963, 965 (10th Cir. 1992)). As set forth herein, Defendants meet their burden.

## I.    Plaintiff's Choice of Forum

In general, a plaintiff's choice of forum weighs heavily against transfer. Indeed, "unless the balance is strongly in favor of the movant, the plaintiff's choice of forum should rarely be disturbed." *Id.* at 1167-68 (brackets and quotations omitted). Deference is diminished, however, where plaintiff does not reside in the chosen forum. *Four Corners Nephrology Assocs., P.C. v. Mercy Med. Ctr. of Durango,* 464 F. Supp. 2d 1095, 1098 (D. Colo. Dec. 6, 2006). In turn, courts accord little weight to a plaintiff's choice "where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum." *Cook v. Atchison, Topeka & Santa Fe Ry. Co.,* 816 F. Supp. 667, 669 (D. Kan. 1993); *see also Tyson v. Pitney Bowes Long-Term Disability Plan,* 2007 U.S. Dist. LEXIS 90842 *5 (D. N. J. Dec. 11, 2007)

(citation omitted) (plaintiff's choice has less force where the forum "has little connection with the operative facts of a lawsuit").

Mr. Mandel indicates that he is "domiciled *in either* Park City, Utah *or* Nashville Tennessee, as well as a Citizen of the United States and the states of Utah *or* Tennessee (and in either case, not California)." (ECF No. 37 at ¶ 5, emphasis added.) In general, the "place where a person lives is assumed to be his domicile unless the evidence establishes the contrary." *Cressler v. Neuenschwander,* 930 F. Supp. 1458, 1460 (D. Kan. 1996); *see also State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("the place of residence is *prima facie* the domicile."). Where it appears that a party may have more than one residence, courts typically employ a "'totality of evidence' approach to ascertain the party's intended domicile." *Wilson v. IHC Health Servs.,* 2013 U.S. Dist. LEXIS 49007 * 6 (D. Utah April 3, 2013) (*citing Cressler* 930 F. Supp. At 1460) (citation omitted). In doing so, courts may consider a variety of factors including where the party votes, works, and maintains a bank account. *Id.*

In response to Plaintiff's claim that he is domiciled in either Utah or Tennessee, Defendants submit Mr. Mandel's sworn statement, provided at a February 15, 2018 court hearing, where he confirms that his primary residence is no longer Utah, but Nashville, Tennessee.[3] *See Holly Brook Hafermann v. Todd Jeremy Mandel,* No. 17STR005110, Superior Court of the State of California for the County of Los Angeles. Reporter's Transcript of Oral Proceedings, Thursday, February 15, 2018. (ECF No. 32-1, p. 16, ln. 18-24.) Given Mr.

---

[3] RESPONDENT [Mr. Mandel]: So once that was over, right when we did the divorce degree [sic], I acted. I bought a place in Nashville, Tennessee, where I'm working out of now. That's my home. That's my primary residence.

THE COURT: I thought you lived in Utah [?]

RESPONDENT [Mr. Mandel]: The house is for sale. It was our house. I am relocating to Tennessee.

Mandel's sworn in-court statement, a totality of the evidence analysis seems unnecessary. Plaintiff does not provide any evidence contradicting his sworn testimony and therefore, for purposes of this court's review, Mr. Mandel's domicile lies in Tennessee.[4]

Nonetheless, even if the court were to accept Mr. Mandel's primary residence as Utah, Plaintiff's decision to file would be entitled to less deference because Mr. Mandel filed his original action in Utah's state court and federal court was not his chosen forum. *See Wright v. UDL Laboratories, Inc.,* 2011 U.S. Dist. LEXIAS 19071 *9 (N. D. Ill. Feb. 24, 2011) ("A case that has been removed from state to federal court is no longer in plaintiff's chosen forum, and therefore does not require as much emphasis on this factor."). In addition, further undermining the significance of Plaintiff's chosen forum is the fact that the majority of Mr. Mandel's claims stem from events connected to California, not Utah. These events include: (1) a December 13, 2017, Holiday Party organized by Ms. Hafermann's record company in Los Angeles, California (ECF No. 2-1 at 43-52); (2) a temporary restraining order filed by Ms. Hafermann against Mr. Mandel on December 15, 2017, in Los Angeles, California (ECF No. 2-1 at 53-60); and (3) a to-be formed management contract to be negotiated and performed in California. (ECF No. 2-1 at ¶¶ 35-37, ); *Declaration of Holly Hafermann* (ECF No. 13.)

For these reasons, the Court affords Plaintiff's choice of forum limited deference.

II. **Accessibility of Witnesses**

The convenience of witnesses is the most significant factor in evaluating a motion under § 1404(a). *Emp'rs Mut. Cas. Co.,* 618 F.3d at 1169 (*quoting Cook,* 956 F.2d at 966). When

---

[4] "A court may take judicial notice of a fact that is not subject to reasonable dispute because the fact 'can be accurately and readily determined from sources whose accuracy can reasonably be questioned.'" *United States ex rel. Brooks v. Stevens-Henger College, Inc.,* 359 F. Supp.3d 1088, 1102 (*citing* Fed. R. Evid. 201(b)); *see Tal v. Hogan,* 453 F.3d 1244, 1264, n. 24 (10th Cir. 2006) (a court can "take judicial notice of . . . facts which are a matter of public record."). Here, Plaintiff's statement, as set forth in the transcript of the public proceeding, is not reasonably in dispute and the accuracy of the document can be readily determined. Therefore, judicial notice is appropriate

6

analyzing accessibility, "the convenience of non-party witnesses weighs more heavily than the convenience" of the parties themselves. *Anza Tech., Inc. v. Xilinx, Inc.,* 2017 U.S. Dist. LEXIS 178423 * 8 (D. Colo. Oct. 27, 2017) (citation and quotation omitted).

Defendants provide a list of forty-eight witnesses, thirty-eight of whom live in California with the remaining ten residing in either Oregon, New York, or Wisconsin. (ECF No. 13-2.) Notably, none of the witnesses live in Utah. And, while Mr. Mandel argues that Defendant's witnesses are not necessary for trial, he does not dispute their residency or identify any other witnesses who live in the State of Utah. Indeed, the convenience of the non-party witnesses identified is significant because none are within the subpoena power of a federal court sitting in Utah. *See* Fed. R. Civ. P. 45(c) ("A subpoena may command a person to attend a trial, hearing or deposition . . . (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state where the person resides . . . . ). Additionally, requiring witnesses based in California, Oregon, New York, and Wisconsin to travel to Utah for pretrial proceedings imposes substantial cost, burden and inconvenience, and out-of-state witnesses cannot be compelled to attend trial in Utah. *See* Fed. R. Civ. P. 45(e)(3)(B); *see Jones v. Wichita State Univ.,* 2007 U.S. Dist. LEXIS 29185 * 6 (D. Kan. Apr. 19, 2007) (court must find the forum is "substantially inconvenient, not just that [the transferee court] is marginally more convenient.").

With none of the witnesses to date, other than Mr. Mandel, having any connection to Utah, and the majority of witnesses having a connection to California, the accessibility factor weighs heavily in favor of California as a more convenient forum.

### III. Cost of Making Necessary Proof

Given the location of Defendants and the witnesses, as well as the cost of travel related

expenses, the cost of making necessary proof in Utah would likely far exceed the cost of litigation in California. As a result, this factor weighs in favor of transfer.

Mr. Mandel argues that Defendants have substantially more resources to expend on travel and other expenses. Yet his calculation does not include travel costs for the thirty-eight witnesses residing in California. The costs associated with discovery of these out-of-state, non-party witnesses will be considerably lower if the case is transferred to a more convenient forum and, as discussed, the bulk of the evidence relating to Plaintiff's claims is in California. Moreover, the convenience of Plaintiff's counsel is irrelevant and should not be considered in evaluating the appropriateness of transfer under § 1404(a). *See, e.g., In re Horseshoe Entertainment,* 337 F.3d 429, 434 (5th Cir.), *cert. denied,* 540 U.S. 1049, 124 S. Ct. 826, 157 L. Ed. 2d 698 (2003).

### IV.    Congested Dockets

"When evaluating the administrative difficulties of court congestion, the most relevant statistics are the median time from filing to disposition, median time from filing to trial, pending cases per judge and average weighted filings per judge." *Navajo Nation v. Urban Outfitters, Inc.,* 918 F. Supp. 2d 1245, 1257 (D. N. M. 2013).

Based on federal court management statistics, the Northern District of California has a substantially less congested docket than the District of Utah (8.5 vs. 10 months from disposition to filing, and 25.3 vs. 43.9 months from filing to trial, for civil cases), although Utah has fewer pending cases and filings per judge. *See Administrative Office of the United States Court, Federal Court Management Statistics.*[5]

Mr. Mandel contends the congestion of dockets is a neutral factor in the analysis. But, given the statistics, the court finds this factor weights slightly in favor of transfer.

### V.    Conflict of Laws and Local Law

In a diversity action, there is a preference that the matter be adjudicated by a court sitting in the state that provides the governing substantive law. *See Cook*, 816 F. Supp at 669. Mr. Mandel argues he should be allowed to litigate in this forum because his claims are brought under Utah law and "the damages resulting from each claim alleged was [sic] suffered in Utah." (ECF No. 23 at 4.)

When the merits of an action are unique to a particular location, courts favor jurisdiction by a court sitting in that locale. *See Black & Veatch Constr., Inc. v. ABB Power Generation, Inc.,* 123 F. Supp. 2d 569, 581 (D. Kan. 2000) (transferring an action to a federal district court whose substantive state law applied to the contract). Indeed, "[i]t is axiomatic that '[t]here is a local interest in having localized controversies decided at home.'" *WildEarth Guardians v. United States Forest Serv.,* 2012 U.S. Dist. LEXIS 57016 *9 (D. Colo. Apr. 24, 2012) (*citing Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 509, 67 S. Ct. 839, 91 L. Ed. 1055 (1947)). Yet here, Plaintiff's choice of forum presents neither a localized controversy nor a local interest. Rather, the locus of the principal events and occurrences underlying the majority of Plaintiff's claims is California, not Utah.

Mr. Mandel argues that his alienation of affection claim is unique to Utah and therefore the conflict of laws factor weighs against transfer. Although Plaintiff's alienation of affection claim exists only under Utah, and not California law, if the claim is viable, the California federal court could apply Utah law to adjudicate the claim. *See Van Dusen v. Barrack*, 376 U.S. 612 (1964). Further, Plaintiff does not identify a single witness located in Utah who is relevant to his alienation of affections claim. Likewise, Mr. Mandel's assertion that all damages were suffered in Utah is ambiguous given that neither he nor Ms. Hafermann reside in Utah and it is unclear what, if any, opportunities Plaintiff contends he lost within the state.

---

[5] http://www.uscourts.gov/sites/default/files/data_tables/fems_na_distprofile0630.2019.

As a result, the Court finds the conflict of law factor in favor of transfer.

**VI.     Other Issues**

The Rothenberg Defendants have not joined or weighed in on Defendants' Motion, presumably out of concern that doing so could waive the jurisdictional objections raised in their own motion to dismiss. (ECF No. 10.)

A court may transfer a case under § 1404(a) where it lacks personal jurisdiction over a defendant. *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 82 S. Ct. 914, 8 L. Ed. 2d 39 (1962) (approving transfer even where personal jurisdiction was lacking because Congress enacted § 1404(a) to remove obstacles that impede expeditious and orderly adjudication). In turn, Section 1404(a) authorizes the transfer of an entire action, not individual claims. *Wyndam Assoc v. Bintliff*, 398 F.2d 614, 618 (2nd. Cir. 1968), *cert. denied*, 393 U.S. 977, 89 S. Ct. 444, 21 L.Ed.2d 438 (1968); *see also In re Flight Transp. Corp. Securities Litigation,* 764 F.2d 515, 516 (8th Cir. 1985) (stating Section 1404(a) "contemplates a plenary transfer" of the entire case).

Accordingly even assuming, as asserted in their motion, that this court lacked jurisdiction over the Rothenberg Defendants, the court may still order transfer of the case to California "[f]or the convenience of the parties and witnesses, in the interests of justice". 28 U.S.C. § 1404(a).

## ORDER

After weighing the relevant factors, the Court finds that transfer pursuant to 28 U.S.C. § 1404(a) is appropriate. Accordingly, Defendants' motion to transfer venue to the Northern District of California is GRANTED. (ECF No. 12.)

**IT IS SO ORDERED**

DATED this 1st day of June 2020.

BY THE COURT:

_____
Dustin B. Pead
U.S. Magistrate Judge